

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**NATIONWIDE MUTUAL INSURANCE COMPANY**      **PLAINTIFF**

V.     CIVIL ACTION NO. 3:24-cv-602-HTW-LGI

**CARLOS BARBOSA, JETT BARNES,
AND MARCIA GLENN COLLINS**     **DEFENDANTS**

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW, Nationwide Mutual Insurance Company (herein "Nationwide"), by and through counsel, and files this Complaint for Declaratory Judgment and in support thereof would show the following:

### I.

### NATURE OF ACTION

1. This is an action for Declaratory Judgment arising out of the issuance of a personal automobile insurance policy bearing policy no. 6323J012836 issued to Cory K. Collins and Marcia G. Collins who reside at 100 Bordeaux Ct., Madison, Mississippi 39110. Nationwide seeks a declaration of its rights, duties, and liabilities with regard to a Complaint filed by Carlos Barbosa and Jett Barnes in the Circuit Court of Hinds County, Mississippi bearing Cause No. 24-502 (hereinafter "the Complaint") regarding a motor vehicle accident that occurred on February 26, 2023 between Carlos Barbosa and Marcia Collins. Jett Barnes, who was purportedly married to Carlos Barbosa has brought a loss of consortium claim against Marcia Glenn Collins in the same action. Through this Complaint for Declaratory Judgment, Nationwide seeks a judicial determination that it only owes one limit of insurance and that the claims of Jett Barnes do not amount to a second occurrence under the policy.

## II.

## **THE PARTIES**

2.      Nationwide is a corporation organized and existing under the state of Ohio with its principal place of business in Columbus, Ohio.

3.      Marcia Collins is an adult resident citizen of Madison, Madison County, Mississippi and is the named insured under the Nationwide policy.

4.      Carlos Barbosa is an adult resident citizen of Greenwood, Leflore County, Mississippi. Jett Barnes, is purportedly the husband of Carlos Barbosa and also resides in Greenwood, Leflore County, Mississippi.

## III.

## **JURISDICTION AND VENUE**

5.      The parties are citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and cost, therefore, this Court has diversity jurisdiction over this action under 28 U.S.C. §1332.

6.      Venue is proper in this district and division under 28 U.S.C. §1391 (b) as a substantial part of the events or omissions giving rise to the claim occurred, and the subject policy was issued in this district and division. Alternatively, venue is proper pursuant to 28 U.S.C. §1391 (c).

7.      Nationwide seeks a declaratory relief under 28 U.S.C. §§2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

## IV.

## **FACTUAL BACKGROUND**

8. Nationwide issued policy no. 6323J012836 with a policy period of February 22, 2023 through August 22, 2023 to the named insureds Cory K. Collins and Marcia G. Collins, with limits of $100,000 per person and $300,000 per accident..

9. On February 26, 2023, at approximately 3:00 p.m. Marcia Collins was involved in a motor vehicle collision with Carlos Barbosa on Interstate 55 in Hinds County, Mississippi. As a result of this accident Carlos Barbosa was injured and has incurred medical expenses that he asserts was caused by the motor vehicle collision.

10. Jett Barnes, who was not involved in the motor vehicle collision, is purportedly married to Carlos Barbosa and is seeking a loss of consortium claim. Carlos Barbosa and Jett Barnes made a claim against Marcia Collins. After investigating the loss Nationwide offered the policy limits of $100,000 to Carlos Barbosa and Jett Barnes for a settlement of the claims. Carlos Barbosa and Jett Barnes rejected the settlement asserting that Jett Barnes was entitled to a separate limit of insurance and that his loss of consortium claim should be considered a second separate occurrence.

11. On July 19, 2024 Carlos Barbosa and Jett Barnes filed suit against Marcia Collins in the Circuit Court of Hinds County, Mississippi. Nationwide has hired counsel and is defending that action.

12. The Nationwide policy contains the following provisions:

**PART A - - LIABILITY COVERAGE**

INSURING AGREEMENT

3

    a.    We will pay damages for "bodily injury" or "property damage" for which any "insured" becomes legally responsible because of an auto accident. Damages include prejudgment interest on covered damages awarded against the "insured" which do not exceed our limit of liability for this coverage. We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. In addition to our limit of liability, we will pay all defenses cost we incur. Our duty to settle or defend ends when our limit of liability for this coverage has been exhausted by payment of judgments or settlements unless required by law. We have no duty to defend any suit or settle any claim for "bodily injury" or "property damage" not covered under this policy.

**DEFINITIONS**

...

    d.    "Bodily injury" means bodily harm, sickness or disease, including death that results. "Bodily injury" does not include emotional distress, mental anguish, humiliation, mental distress or injury, or any similar injury unless the direct result of bodily harm."

**LIMIT OF LIABILITY**

    a.    The limit of liability shown in the Declarations for each person or bodily injury liability is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of "bodily injury" sustained by any one person in any one auto accident. Subject to this limit for each person, the limit of liability shown in the Declarations for each accident or bodily injury liability is our maximum limit of liability for all damages for "bodily injury" resulting from any one accident.

The policy issued by Nationwide sets forth the limit of liability for bodily injury for "each person" includes all damages "for care, loss of services, or death, arising out of "bodily injury" sustained by any one person in any one auto accident."

4

13. It is Nationwide's position that only one limit of insurance is owed to the Plaintiffs as only one "bodily injury" occurred in "one accident". It is further Nationwide's position that the policy language makes it clear that each person limit covers all damages arising out of bodily injury including damages for care and loss of services which would include Jett Barnes' loss of consortium claim.

14. An actual, substantive and judicial controversy exists between the parties as to whether the claims alleged in the Complaint entitle the Plaintiffs to a separate limit of insurance. Accordingly, the parties have a direct, substantial and present need for the Court to construe the insurance policy relating to the claims alleged in the Complaint and to declare the parties' rights and obligations under the policy.

15. Pursuant to the terms of the policy, Nationwide is entitled to a declaration that there is only one limit of insurance available to Carlos Barbosa and Jett Barnes with regards to the claims alleged in the Complaint.

WHEREFORE, PREMISES CONSIDERED, Nationwide requests the Court to enter a Declaratory Judgment in its favor against the Defendants and to declare:

a. The claims of Jett Barnes are derivative of the claims of Carlos Barbosa and that only one limit of insurance is available;

b. The Nationwide policy is clear and unambiguous and under Mississippi law the claims of Jett Barnes are derivative entitling Barbosa and Barnes to only one limit of insurance.

c. Nationwide also asks for such other relief that it may be entitled to receive and any additional relief that may be just and proper.

Respectfully submitted, this the 2nd day of October, 2024.

NATIONWIDE MUTUAL INSURANCE COMPANY

BY: _____
PATRICK M. TATUM

OF COUNSEL:

PATRICK M. TATUM (MSB# 9852)
VICTORIA M. McKINNEY (MSB# 105831)
UPSHAW, WILLIAMS, BIGGERS
    & BECKHAM, LLP
713 South Pear Orchard, Suite 102
Ridgeland, Mississippi 39157
Post Office Box 3080
Ridgeland, MS  39158-3080
Telephone: (601) 978-1996
Facsimile: (601) 978-1949
ptatum@upshawwilliams.com
vmckinney@upshawwilliams.com